## PEOPLE v. MERRELL

TRIAL—CRIMINAL LAW—DEFENDANT TESTIFYING.
  Trial court did not commit reversible error in failing to specifically advise defendant of his right to testify in his own behalf, where defendant did not contend that his own counsel erroneously advised him not to testify and that, but for such advice, he would have testified, and, in the light of defendant's past criminal record which could have been used to impeach his credibility, it was clear that his not testifying was a standard trial tactic.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 November 10, 1969, at Lansing. (Docket No. 6,060.)   Decided December 3, 1969.

Patrick Merrell was convicted of robbery armed. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 555–557.

Per Curiam. Defendant and two co-defendants were charged with robbery armed in violation of MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28-.797). All three were found guilty by a jury in Genesee County Circuit Court. Defendant was sentenced to prison for a term of 15 to 30 years. Defendant appeals as of right.

The sole issue which the defendant presents for our consideration on appeal is whether it is reversible error for the trial court not to specifically advise a defendant of his right to testify in his own behalf.

In support of his assertion that it is grounds for a reversal, defendant cites *People v. Marsh* (1968), 14 Mich App 518 and *Poe v. United States* (DC, 1964), 233 F Supp 173, *affirmed United States v. Poe* (1965), 122 App DC 163 (352 F2d 639).

We find that defendant has misconstrued those cases and that his reliance thereon is misplaced. Here, unlike *Poe* and *Marsh,* no pretrial statements of the defendant had been suppressed on the ground that they were inadmissible. Nor does the defendant Merrell allege that his counsel erroneously advised him not to testify and that, but for such advice, he would have testified. In light of his past criminal record which could be used to impeach his credibility, it seems clear that defendant's not testifying was a standard trial tactic.

A specific instruction was given to the jury that although the defendants could have taken the stand, if they chose to do so, no adverse presumption could be allowed from their not availing themselves of the opportunity.

Finding no merit in the grounds presented, we affirm the defendant's conviction.

Affirmed.